224th District Court

# Case Summary

## Case No. 2021CI10818

**Alexandria G Millan VS Bexar County Government**

§ Location
§ **224th District Court**
§ Judicial Officer
§ **224th, District Court**
§ Filed on
§ **06/01/2021**

## Case Information

Case Type: EMPLOYMENT-RETALIATION
Case Status: **06/01/2021 Pending**

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2021CI10818 |
| Court | 224th District Court |
| Date Assigned | 06/01/2021 |
| Judicial Officer | 224th, District Court |

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Millan, Alexandria G** | **JAKOB, JASON J** ***Retained*** |
| **Defendant** | **Bexar County Government** | |

## Events and Orders of the Court

| | |
|---|---|
| 06/01/2021 | New Cases Filed (OCA) |
| 06/01/2021 | PETITION |
| 06/02/2021 | REQUEST FOR SERVICE AND PROCESS |
| 06/09/2021 | **Citation**<br>Bexar County Government<br>Served: 06/15/2021 |
| 06/28/2021 | RETURN OF SERVICE - SUCCESSFUL<br>*BEXAR COUNTY GOVERNMENT* |

Mary Angie Garcia




# CERTIFICATE
(Entire file)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, Cynthia J. Aponte Deputy District Clerk for ***Mary Angie Garcia***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number 2021-CI-10818 and Styled ALEXANDRIA G MILLAN VS BEXAR COUNTY GOVERNMENT filed in the 224th Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on July 8, 2021 .

***Mary Angie Garcia***
***Bexar County District Clerk***

By: [signature]
Cynthia J. Aponte, Deputy

FILED
6/1/2021 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez
Bexar County - 224th District Court

cit pps

2021CI10818

CAUSE NO. ____________

| | | |
|---|---|---|
| **ALEXANDRIA MILLAN** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| *V* | § | ________ **JUDICIAL DISTRICT** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| *Defendant.* | § | **BEXAR COUNTY, TEXAS** |

DISTRICT COURT OF BEXAR COUNTY, TX

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**

**NOW COMES** ALEXANDRIA G. MILLAN, ("hereinafter called Plaintiff"), by and through her undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, and Texas Rules of Civil Procedure files this, her Original Petition, against and complaining of and about BEXAR COUNTY GOVERNMENT (hereinafter called "Defendant or Bexar County"), and for cause of action show unto the Court the following:

### I.

### DISCOVER CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, pursuant to Rule 190.4 for the Texas Rules of Civil Procedure.

### II.

### SUMMARY

DISTRICT COURT OF BEXAR COUNTY, TX

2. On or about April 9, 2020, ALEXANDRIA G. MILLAN filed an U.S. Equal Employment Opportunity Commission (hereinafter, "EEOC") Charge of Discrimination against the Bexar County—Government of Bexar County, Texas for discrimination suffered discrimination on the basis of retaliation under the Title VII of the Civil Rights Act of 1964. Defendant, BEXAR COUNTY as well performed discriminatory practices under the Texas Labor Code violations of National Origin, Race and retaliation. Moreover, Defendant, BEXAR COUNTY violated Plaintiff's Due Process and Equal Protection as a County Employee, is protected by Texas Civil Service Rules and Statutes as well as employment rules, policies, procedures, and employment guidelines promulgated by the Bexar County Texas.

## III.

## PARTIES

3. Plaintiff, ALEXANDRIA G. MILLAN, is an individual, that is citizen of the State of Texas.

4. Defendant, Bexar County—Government of Bexar County, Texas, a county in Texas, may be served with process by serving the County Judge, The Honorable Nelson Wolfe, at 100 Dolorosa, San Antonio, TX 78205, under the authority of Texas Civil Practice & Remedies Code section 17.024(a).

## IV.

DISTRICT COURT OF BEXAR COUNTY, TX

## JURISDICTION AND VENUE

5. Ms. Millan asserts claims against Defendant for violations of the Texas Labor Code, thereby invoking the jurisdiction of this Court.

6. On or about November 1, 2021, and within 180 days after Defendant removed her from he position, Plaintiff, Mrs. ALEXANDRIA G. MILLAN timely filed a Charge of Discrimination against Defendant with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and the Civil Rights Division of the Texas Workforce Commission (hereinafter "TWC"), identified as charge number 451-2020-00336 and again for retaliation identified in charge number 451-2020-00595 against Defendant with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and the Civil Rights Division of the Texas Workforce Commission (hereinafter "TWC"). See, Exhibit No. 1[1]

7. On or about April 1, 2021, Mrs. ALEXANDRIA G. MILLAN received a Notice of Right to File a Civil Action (hereinafter "Notice") from the EEOC and TWC. See, Exhibit No. 2

8. By filing a Charge of Discrimination, receiving her Notice, and filing suit within 60 days of receiving her Notice, Mrs. ALEXANDRIA G. MILLAN has complied with all conditions precedent and exhausted all applicable administrative remedies required by the Texas Labor Code prior to filing suit.

---

[1] See Exhibit No. 1, Charge of Discrimination to include the EEOC Form 5 (11/09), annexed hereto and incorporated by reference as if fully set forth herein.

DISTRICT COURT OF BEXAR COUNTY, TX

9. The Federal Court additionally has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Title VI of the Civil Rights Act of 1964 and said pleading is filed within the requisite 90 days.

10. Venue is alternatively proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), or concurrent jurisdiction with Bexar County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

## V.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 60 days after receiving a notice of the right to sue from the EEOC which was simultaneously filed with the Texas Workforce Commission Civil Rights. A copy of the notice of the right to sue is attached as Exhibit "No.2"[2].

[2] See Exhibit No. 2, Notice of Right to Sue Letter, annexed hereto and incorporated by reference as if fully set forth herein.

DISTRICT COURT OF BEXAR COUNTY, TX

## VI.

## FACTS / FACTUAL ALLEGATIONS

**THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE CONTAINED AND INCORPORATED IN THE EEOC FORMAL COMPLAINT AS IF ATTACHED HEREIN; TO INCLUDE BUT NOT LIMITED TO: CLAIMANT AND ALL PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENTS PROVIDED IN EEOC CHARGE 451-2020-00336 and 451-2020-00595 BY OR THROUGH CLAIMANT OR RESPONDENT.** [3]

12. Plaintiff, Ms. ALEXANDRIA G. MILLAN timely is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely an employee subject to the civil service laws of a State government, governmental agency or political subdivision. Plaintiff's job title as a Budget Analyst for Bexar County Budget Department. Plaintiff is thirty-one (31) years old, Hispanic American and currently employed by Bexar County as a Budget Analyst.

13 Plaintiff filed a complaint of discriminated because of my race, national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

14. Ms. Millan began working as a Budget Analyst in the Bexar County Budget Department on March 20, 2017. Prior to accepting this position, plaintiff was employed by IDEA Public School, a workplace with a tight-knit environment/culture and high morale. When offered the Budget Analyst position, plaintiff accepted the job immediately and looked forward to what she believed would be an inspired team of public servants in Bexar County Government looking to

[3] See Exhibit No. 3, Sworn Affidavit of Alexandria G. Millan, annexed hereto and incorporated by reference as if fully set forth herein.

DISTRICT COURT OF BEXAR COUNTY, TX

meet the needs of Bexar County's unique and diverse citizenry. Plaintiff, was neither aware nor prepared, for the hostile, violent, and aggressive workplace in which she found herself. Plaintiff states,

> *I never thought that I would be stepping into a soul-crushing and demeaning environment that thrives on causing harm to others. I had never seen this behavior in previous workplaces". The extent to which I have been subject to bullying, harassment, and retaliation is unconscionable. Indeed, it got to the level in which I requested the assistance of the U.S. Equal Employment Opportunity Commission (EEOC). Instead of dismissing my case, the EEOC granted me the "right to sue";*

15. Defendant, by and through its employee Mrs. Tina Smith-Dean, the Assistant County Manager, has caused an environment of bullying, intimidation, harassment, defamation, and retaliation because Ms. Millan exposed the truth about her to the EEOC, the Honorable Justin Rodriguez, the Honorable Tommy Calvert, the Honorable Rebeca Clay-Flores, and the Kelmar Global investigators in the Budget Office which is responsible to oversee the Bexar County Budget in excess of ONE BILLION, EIGHT HUNDRED MILLION DOLLARS ($1,800,000;000.00). Ms. Millan's duties were to oversee expenditures. Ms. Milan on occasions began to question some expenditures which led to Mrs. Smith-Dean's bullying, intimidation, harassment and retaliation.

16. First, Mrs. Smith-Dean wrote plaintiff up for not inputting the Navistar budget transfer of FOUR HUNDRED AND TWENTY THREE THOUSAND THREE HUNDRED AND FIFTY-

TWO DOLLARS ($423,352.00) The reason plaintiff hesitated in doing so was because of some ethical considerations that she had regarding a land purchase with public dollars. It did not make sense to move public funds from a non-departmental, undesignated fund to the Community Infrastructure and Economic Development (CIED) Fund. To date, Bexar County has still not been invoiced for costs related to Navistar. The evidence would suggest that this budget transfer was a way to "slush up" the CIED Fund due to its lack of carrying forward a fund balance. Customarily, it is fully funded from the General Fund every fiscal year by an inter-fund transfer which ranges from $800,000 to $1.2 million. At the time of Commissioners Court on November 5, 2019, Navistar had yet to purchase the land. In fact, when Navistar did make a purchase, it was only a fraction of the land and cost.

DISTRICT COURT OF BEXAR COUNTY, TX

17. Another time Mrs. Smith-Dean "reassigned plaintiff" with her authorizing signature on plaintiff's status form on May 25, 2020, to the Purchasing Department to report directly to Ms. Patricia Torres, the Bexar County Purchasing Agent. On June 9, 2020, she took her retaliation one step further. Specifically, she delimited Ms. Millan's position in the Budget Department, according to Ms. Ana Bernal, Human Resources Manager.

18. On or about June 9, 2020 at the same time that my position was being delimited, Ms. Sylvia Diaz, Senior Analyst-Compliance, and Ms. Pearl Jauregui, Risk Claims Specialist, were both given an 8% salary increase and moved up two pay grades in the Budget Office. Moreover, Mrs. Nancy McClure-Soto, the former Administrative Coordinator to Mrs. Smith-Dean, was given a proposed termination, although at the same time that she had an active EEOC charge for

DISTRICT COURT OF BEXAR COUNTY, TX

retaliation due to or in conjunction with assisting Ms. Millan filing her own EEOC charges. Less than three (3) weeks later, on June 25, 2020, Ms. Millan's Budget Analyst position in the Budget Department was deleted entirely suggesting that Mrs. Smith-Dean's plan was to ensure that plaintiff never returned to the Budget Department.

19. Plaintiff Ms. Millan was placed in a position to track all COVID-19 expenditures for the County; however, the Auditor's Office has been tracking all COVID-19 expenditures since the start of the pandemic and even has one staff person assigned to this task full-time leaving Ms. Millan in a position that is not equipped with the proper equipment.

20. Plaintiff claims that Mrs. Smith-Dean has a pattern of using other individuals to do her "dirty work." For example, Mrs. Smith-Dean used Ms. Tanya Gaitan, Budget Manager, as the only person to complete an affidavit attached to Bexar County's position statement provided to the EEOC for both of plaintiff's charges on April 6, 2020. The specific tactic used was to have Mrs. Smith-Dean claim that there is no race-based and national origin-based discrimination due to Ms. Gaitan being a "Mexican/Spanish" female and plaintiff being Cuban/Mexican as is on plaintiff's birth certificate. However, Ms. Gaitan has no authority to make any final decisions and is not authorized to sign invoices, payroll, status forms, and/or represent the Budget.

21. Defendant, divides and conquers anyone who questions the necessity or justification of their leadership even how minimal. Ms. Jasmine Leon, who was being mistreated like plaintiff contemplated her own EEOC charge. Not only did she provide the telephone number for the

DISTRICT COURT OF BEXAR COUNTY, TX

EEOC, she also read plaintiff's statement and told plaintiff it was very well written. Even though she had received a written reprimand in the past for a poor work ethic, and even though she, along with Ms. Gaitan, would later be caught by an investigative journalist "shooting the finger" at their employer, Ms. Leon later received a salary increase of around $3,000 in late November/early December 2019 after plaintiff filed her EEOC charge and she did not.

22. The retaliation is further demonstrated that on October 30, 2019 at 8:03 a.m. plaintiff received confirmation from the EEOC that plaintiff inquiry had been received. Defendant wrote up plaintiff on October 31, 2019, at 4:38 p.m. This clearly shows that plaintiff took the action of filing hre first charge of discrimination with the EEOC before the Budget Office. Nonetheless, on November 14, 2019, Mrs. Smith-Dean and Ms. Gaitan both came into plaintiff's office to write her up. When plaintiff claimed that is was retaliation for filing an EEOC complaint and stated she would contact EEOC to notify them that she had been written up. Mrs. Tina Dean Smith smirked and with a cocky tone said, "go on ahead", in a manner indicating she was untouchable and not subject to Bexar County policies, state, and federal laws.

23. Mrs. Smith-Dean routinely violates Bexar County policies to benefit her and her direct reports. For example, Mrs. Smith-Dean was Civil Service protected from July 5, 2012 until September 30, 2020. As an executive, she should have been excluded per Bexar County Civil Service Policy 7.6.03. Ms. Gaitan continues to be civil service protected since August 13, 2013 despite being a manager and classified as an E-11 on the exempt pay schedule in direct contradiction to civil service policy. By way of comparison, Ms. Veronica Guevara, the Risk

DISTRICT COURT OF BEXAR COUNTY, TX

Management Coordinator is an E-10 and she is excluded from civil service protection as well as the Budget Director position which is an E-14. Ms. Gaitan falls between both positions and yet she is protected while others, like plaintiff, are not. Ms. Millan complains of the arbitrary and capricious manner of favoritism and the abuse of power, the differential treatment.

24. Not once were Ms. Gaitan and/or Ms. Leon placed on Investigative Administrative Leave for "shooting the finger" at the Courthouse nor was Mrs. Smith-Dean placed on leave pending the Kelmar Global investigation that was under the direction of the Human Resources Director, Mr. Manuel Gonzalez. No one was "reassigned" to another department and/or completely isolated like plaintiff was. Mrs. Smith-Dean is responsible for making recommendations to Commissioners Court to add or delete all county positions from this protection under Civil Service (HR/Civil Service report directly to Mrs. Smith-Dean). Once again, Mrs. Smith-Dean used her position and authority to protect herself and those who do her bidding.

25. Another example of Mrs. Smith-Dean flagrantly violating county policy is when she gave Ms. Gaitan a 17% salary increase. According to Bexar County Policy 7.2.06, the maximum increase is 8% or the minimum of the new pay grade. Interestingly, Mrs. Smith-Dean has been able to increase her salary by approximately $65,000 since she became the Assistant County Manager in 2012. The majority, if not all, of these salary increases for Mrs. Smith-Dean and Ms. Gaitan were done as out-of-cycle pay increases which normally attract less scrutiny. They are not reflected, for example, in the proposed annual budgets or in the annual Budget Book as a program change for the Budget and Management and Finance Department.

DISTRICT COURT OF BEXAR COUNTY, TX

26. Plaintiff's reassignment was made effective on May 22, 2020 due to her being "uniquely qualified" to serve as a Budget Analyst-COVID-19. The evidence would suggest that Mrs. Smith-Dean's true intention was to retaliate against plaintiff by having her reassigned to a distant County Department where her job duties would be a farce; where she would be isolated.

27. Plaintiff has been "placed out to pasture, she states "In the last ten months, Ms. Torres has not once invited plaintiff to a meeting via Zoom and/or WebEx. In fact, on April 14, 2021, plaintiff received an email from the Business Relationship Manager, Ms. Carmella Guerrero, stating that she currently has "a WebEx license that [has] never activated and/or utilized... Therefore, BCIT will be disabling []her] WebEx license to allow for new requests from employees who need it." No other employee of the Purchasing Department or the Budget Department were included on this email. Consistent with her exclusion from day-to-day employment, plaintiff tried to log into the mandatory cyber security training but was not allowed to. plaintiff sent an email to the Head of Information Security, Mr. Michael Cheng, in regard to her login issues. He responded and told her that my account had not been created in the system".

## VI.
## VIOLATIONS OF THE TEXAS LABOR CODE

28. Whenever Ms. Alexandria G. Millan pleads that Defendant engaged in any act or omission, she also pleads that Defendant's officers, agents, servants, employees, or representatives, engaged

in said act or omission within the course and scope of employment and with the full authorization or ratification of Defendant.

1. By and through her Original Petition, Ms. Millan pleads a *prima facie* case of gender discrimination and contends:



a. that she is a female and a protected class member;

b. that she was qualified for the positions she held;

c. that she was terminated from a position for which she was otherwise qualified; and

d. members outside of her protected class were treated more favorably.

2. By and through her Original Petition, Ms. Millan pleads a *prima facie* case of retaliation and contends:

a. that she engaged in protected conduct and opposed unlawful conduct;

b. that she was terminated; and

c. a causal connection exists between her protected conduct and her termination.

3. By and through her Original Petition, Mrs. Millan pleads a *prima facie* case of national origin discrimination and contends:

a. that she is of Cuban decent and a member of a protected class;

b. that she was qualified for the positions she held;

c. that she was discharged from positions for which she was otherwise qualified to hold; and

DISTRICT COURT OF BEXAR COUNTY, TX

d. that she was replaced by someone outside the protected class

VI.

**FACTS OF DEFENDANT'S DISCRIMINATORY ACTIONS TAKEN AGAINST PLAINTIFF UNDER TITLE VII**

**PLAINTIFF HAS ATTACHED HERETO THE AFFIDAVIT OF ALEXANDRIA G. MILLAN TO ESTABLISH FACTS THAT ARE NOT CONTAINED IN THE RECORD, WHICH ARE NOT APPARENT IN THE PLEADINGS; THE AFFIDAVIT IS ATTACHED HERETO AS EXHIBIT NO. 3, AND IS INCORPORATED BY REFERENCE THE SAME AS SET FORTH IN FULL.**

29. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely an employee subject to the civil service laws of a State Government, governmental agency or political subdivision, is of Cuban Decent (National Origin), female. Plaintiff's job title is a Budget Analyst, within the Bexar County Government in the Bexar Budget Department.

30. Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. The Defendant has more than five hundred employees.

31. Mr. David Smith, Mrs. Tina Smith-Dean and Ms. Ana Bernal, plaintiff's supervisors are employed by the defendant as supervisors in the Bexar County Sheriff's Office.

DISTRICT COURT OF BEXAR COUNTY, TX

32. Plaintiff's supervisors are empowered by defendant to take tangible employment actions against plaintiff. As senior supervisors, the defendant's employees exercised supervisory authority over plaintiff, to include but not limited to 1) the authority to fire plaintiff, 2) the authority to reassign plaintiff to a position with significantly different responsibilities, the authority to significantly alter plaintiff's benefits. Defendant's employees ultimately did those very things by denying the plaintiff advancement, reassigning her to lesser positions, and creating a hostile work environment to cause the resignation or termination of plaintiff.

33. Defendant intentionally discriminated against plaintiff because of her race, national origin, sex in violation of Title VII by Defendant, by taking away plaintiffs s duties, without any corrective or disciplinary written paperwork, and practicing acts of a discriminatory nature and intended to cause the plaintiff to be terminated or resign her position rather than continue to face additional harassment and discriminatory practices which leads plaintiff to claim that her civil service rights were violated. Plaintiff's chain of command failed to abide civil service rules but also county wide guidelines.

34. Defendant used the following discriminatory employment practices, policies, and rules in violation of Title VII: Plaintiff's chain of command failed to abide not only defendant's own Human Resources Policy and Procedure but also dismissed other rules for hiring or employment actions. Although these practices, policies, and rules appear to be neutral, they serve to

COURT OF BEXAR COUNTY, TX DISTRICT

discriminate against a disproportionate number of persons of plaintiff's race, sex, national origin, and age.

35. Defendant and defendant's employees created a hostile work environment through its discriminatory words and actions towards plaintiff because of plaintiff's sex, and age. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance and thereby created an intimidating, hostile, and offensive work environment.

36. Defendant is directly liable because it was negligent in discovering and remedying the discriminatory conduct. Defendant intentionally discriminated against plaintiff because of her race, and sex in violation of Title VII by Defendant, by taking away plaintiff's duties without any corrective or disciplinary written paperwork. Defendant was discriminatory in nature and intended to cause the plaintiff to resign or be terminated rather than continue to face additional harassment and discriminatory practices, to which plaintiff claims her civil service rights were violated.

37. Defendant is strictly liable for defendant's employee's discriminatory conduct because defendant and defendant's employees took a tangible employment action against plaintiff that significantly changed plaintiff's employment status. This ultimately led to plaintiff being reassigned with significantly different responsibilities and plaintiff's benefits were significantly changed ultimately desiring plaintiff to resign or be subject to termination.

DISTRICT COURT OF BEXAR COUNTY, TX

38. Defendant is vicariously liable for defendant's employee's discriminatory conduct. Defendant did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though plaintiff took advantage of defendant's measures designed to prevent and correct discriminatory conduct.

A. <u>SEX DISCRIMINATION</u>

39. By and through her Amended Complaint and attached affidavit Petitioner, Millan pleads a *prima facie* case of gender discrimination and contends: To establish a prima facie case of gender-based employment discrimination, the plaintiff must show "(1) she is a member of a protected class; (2) she suffered applied or was eligible for consideration for job opening or position; (3) she was qualified but denied a job, or was discharged from a position; and (4) the position was filled by a person of the opposite gender or remained open and available."

40. By and through Plaintiff's Affidavit attached hereto this pleading as Exhibit No. 3 the plaintiff has asserted she is a female, Hispanic and of Cuban Origin making plaintiff a protected class. See, Exhibit No. 3;

Plaintiff has asserted that she was qualified for the positions she held, Budget Analyst, within the Bexar County Budget Department and removed from her position., See, Exhibit No. 3

DISTRICT COURT OF BEXAR COUNTY, TX

B. Race/Color Discrimination

41. By and through her Amended Complaint and attached affidavit Petitioner, Ms. Millan pleads a *prima facie* case of gender discrimination and contends: To establish a *prima facie* case of race-based employment discrimination, the plaintiff must show (1) he or she is a member of a protected class; (2) he or she was qualified for the position; (3) an adverse employment action occurred; (4) the employer gave preferential treatment to a similarly situated employee who is not in the protected class under nearly identical circumstances.

42. By and through Plaintiff's Affidavit attached hereto this pleading as Exhibit No. 3 the plaintiff has asserted, she is a female, Hispanic and of Cuban Origin making plaintiff making plaintiff a protected class. See, Exhibit No. 3.

43. Plaintiff has asserted that she was qualified for the positions she held, Budget Analyst, within the Bexar County Budget Department, demoted from her position, had less training opportunities from her employer Bexar County, Texas. *See*, Exhibit No. 3.

44. Plaintiff has had countless adverse employment action to include being demoted from her position; and she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action, See Exhibit No. 3.

DISTRICT COURT OF BEXAR COUNTY, TX

45. Male and other members outside of her protected class were treated more favorably even though they had less seniority were provided and/or issued new or better equipment, more training opportunities and ultimately another member outside of the protected class received the promotion with less seniority and less qualifications. *See*, Exhibit No. 3.

C. Retaliation

46. By and through her Amended Petition, Ms. Soto pleads a *prima facie* case of retaliation and contends (1) that she engaged in protected conduct and opposed unlawful conduct; (2) that she was illegally investigated and her duties altered; and (3) causal connection exists between her protected conduct and her demotion of duties and lack of promotion and eventual demotion.

47. Plaintiff has asserted that she was qualified for the positions she held as an Budget Analysts within the Bexar County Budget Department, she was demoted from her position within Bexar County, Texas. *See,* Exhibit No. 3.

48. Plaintiff has had countless adverse employment action to include she was demoted from a position she was otherwise qualified; and she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action, See Exhibit No. 3;

49. Male and other members outside of her protected class were treated more favorably even though they had less seniority were provided issued new or better equipment, more training

DISTRICT COURT OF BEXAR COUNTY, TX

opportunities and ultimately another member outside of the protected class received the promotion with less seniority and less qualifications. See Exhibit No. 3.

D. Hostile Work Environment/Constructive Discharge

50. Bexar County created a hostile work environment in its words and actions of a supervisor, manager or coworker which negatively or severely impacted the plaintiff's work ability to complete her work. In order to establish a hostile work-environment claim, a plaintiff must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on [the protected class]; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Id. (citing Shepherd v. Comptroller of Pub. Accounts of Tex., 168 F.3d 871, 873 (5th Cir. 1999) (footnote omitted)). Here, in this cause, plaintiff is a woman, and her age is fifty-four years old. The plaintiff was subject to unwelcome harassment at the hands of Mr. David Smith, Mrs. Tina Smith-Dean, Ms. Veronica Guevara and Ana Bernal. The harassment caused her demotion. The employer knew of the discriminatory action but failed to take action. Instead, employer, Bexar County hired an individual who was in her mid-twenties and for lower pay than the plaintiff.

## X.

## DAMAGES

DISTRICT COURT OF BEXAR COUNTY, TX

51. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

a. Plaintiff was demoted from Budget Analysts resulting in lost pay and benefits;

b. Plaintiff suffered loss of her pension or retirement benefits;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law;

e. Plaintiff seeks damages in an amount that is within jurisdictional limits of court; and

f. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

## XI.

## ATTORNEY FEES AND COSTS

52. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## XII.

## PRAYER

53. For these reasons, plaintiff asks for judgment against defendant for the following:

a. affirmative action to hire, reinstate, or promote plaintiff;

b. back pay;

c. front pay;

DISTRICT COURT OF BEXAR COUNTY, TX

d. compensatory damages;

e. Punitive damages;

f. prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees;.

g. for reasonable attorney fees;

h. Costs of suit;

i. All other relief the Court deems appropriate.

Respectfully submitted,

*Law Offices of :*
DIAZ & JAKOB, PLLC
TETCO CENTER
1100 N E Loop 410, Suite 200
San Antonio, Texas 78209
Tel.: (210) 226-4500
Fax: (210) 226-4502
Email: JJJ@diazjakob.com

By:____________________
**JASON J. JAKOB**
State Bar No.: 24042933
Attorney for Plaintiff, ALEXANDRIA G. MILLAN

PLAINTIFF REQUESTS TRIAL BY JURY




# EXHIBIT No. 1




TETCO CENTER
1100 N E LOOP 410, SUITE 200
SAN ANTONIO, TEXAS 78209
PHONE: 210-226-4500
FAX: 210-226-4502

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 451-2020-00336

TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION and EEOC

*State or local Agency, if any*

DISTRICT COURT OF BEXAR COUNTY, TX

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MISS ALEXANDRIA G MILLAN | (210) 823-8189 | |

Street Address / City, State and ZIP Code

22202 ESTATE HILL DRIVE APT 5108, SAN ANTONIO, TX 78258

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| BEXAR COUNTY | | (210) 335-2405 |

Street Address / City, State and ZIP Code

101 W NUEVA, SAN ANTONIO, TX 78205

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [X] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 10-25-2019 | 10-25-2019 |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I AM CURRENTLY EMPLOYED WITH THE ABOVE EMPLOYER. DURING MY EMPLOYMENT IN JUNE-JULY 2019, I HAVE BEEN REQUIRED AS A EXEMPT, SALARIED EMPLOYEE TO CLOCK IN AND OUT. I WAS INFORMED THAT IF I DO NOT GET IN TO THE OFFICE BY 8:00 AM, THEN I WILL CONTINUE TO CLOCK IN AND OUT. HOWEVER, WHITE/CAUCASIANS AND A BLACK/PUERTO RICAN, WHO ARE SIMILARLY SITUATED ARE ALLOWED TO COME IN LATE AS I DO, AND ARE NOT REQUIRED TO CLOCK IN AND OUT. I HAVE ASKED MANAGEMENT SINCE I LIVE FURTHER AWAY AND AM A SINGLE MOTHER, TO ALLOW ME TO CHANGE MY WORK SCHEDULE, BUT I HAVE BEEN DENIED.

IN SEPTEMBER 2019, WHEN I HAD MY EVALUATION, I OPPOSED THE DECISION TO MARK ME LOWER BASED ON MY ATTENDANCE AND PERFORMANCE. I WAS STERNLY TOLD TO THE POINT OF BULLYING FROM MY MANAGEMENT THAT WHEN HE WAS YOUNGER, HE HAD THE SAME TYPE OF EVALUATION AND THAT I NEEDED BASICALLY TO GET OVER IT. DURING THAT SAME EVALUATION, I WAS INFORMED THAT I WOULD NO LONGER BE AUTHORIZED TO ATTEND A TRAINING THAT I HAD BEEN PREVIOUSLY APPROVED BECAUSE OF THE EVALUATION. THIS ALONG WITH THE EVALUATION PREVENTS ME FROM PROMOTION,

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Alexandria Millan on 11-01-2019 10:30 AM EDT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: Agency(ies) Charge No(s):<br>☐ FEPA<br>☒ EEOC 451-2020-00336 |
|---|---|
| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION<br>*State or local Agency, if any* | and EEOC |

DISTRICT COURT OF BEXAR COUNTY TX

**PAY RAISE AND TRAINING TO ASSIST ME IN BEING MORE PROFICIENT IN MY JOB. HOWEVER, THERE IS A BLACK/PUERTO RICAN COMPARATOR, WHO HAS DISCIPLINE ISSUES AND HAS ATTENDANCE ISSUES, BUT SHE WAS ALLOWED TO ATTEND THE SAME TRAINING I WAS DENIED.**

**I BELIEVE THAT I HAVE BEEN DISCRIMINATED AGAINST BASED ON MY RACE (WHITE) AND NATIONAL ORIGIN (CUBAN) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Alexandria Millan on 11-01-2019 10:30 AM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,



DISTRICT COURT OF BEXAR COUNTY, TX

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

DISTRICT COURT OF BEXAR COUNTY, TX




# EXHIBIT No. 2




TETCO CENTER
1100 N E LOOP 410, SUITE 200
SAN ANTONIO, TEXAS 78209
PHONE: 210-226-4500
FAX: 210-226-4502



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Status Line: (866) 408-8075
San Antonio Direct Dial: (210) 281-2550
TTY (210) 281-7610
FAX (210) 281-2522

DISTRICT COURT OF BEXAR COUNTY, TX

Ms. Alexandria G. Millan
22202 Estate Hill Drive, Apt. 5108
San Antonio, TX 78258

Re: Charge No. 451-2020-00595
Respondent: Bexar County

Dear Ms. Millan:

This will acknowledge your correspondence received on December 6, 2019. In your letter, you requested that I reevaluate the decision to dismiss your charge because you believe the disciplinary action taken against you was in retaliation for having filed a previous charge of employment discrimination. There is no procedure for such appeal/reconsideration. Our Procedural Regulation, 29 CFR 1601.21d, reads, in part: "Each determination issued under this section is final when the Letter of Determination is issued." However, I may, on my own initiative, reconsider my own determination.

Pursuant to your request, I have reviewed the entire file and your correspondence to decide if I should, on my own motion, reconsider the determination. A decision was made to dismiss the above referenced charge in large part due to documentation you submitted which indicated that Respondent attempted to address your tardiness and attendance issues. It also appeared that Respondent mentioned issues with the quality of your work in your performance evaluation, but I also note that no formal disciplinary action had been taken against you prior to you filing a charge of employment discrimination. Upon my review of the file, I have determined that further investigation is warranted.

Under the authority vested in me by the Commission's Procedural Regulations, Section 1601.19(b) I have decided to rescind the Dismissal and Notice of Rights issued on November 29, 2019 and reopen the Charge for further administrative processing. Your right to sue is hereby vacated. A Commission representative will contact you to continue with the investigative process.

I hope this information is helpful.

Sincerely,

12/27/2019
Date

Travis G. Hicks
Director

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

DISTRICT COURT OF BEXAR COUNTY, TX

To: **Alexandria G. Millan**
**22202 ESTATE HILL DRIVE APT 5108**
**San Antonio, TX 78258**
**By email only to: agmillan3@gmail.com**

From: **San Antonio Field Office**
**5410 Fredericksburg Rd**
**Suite 200**
**San Antonio, TX 78229**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **451-2020-00595** | **Hector Colon-Padro, Investigator** | **(210) 640-7546** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**Travis G. Hicks,**
**Director**

4/01/2021
*(Date Mailed)*

Enclosures(s)

cc:

**Kristin Bloodworth**
**Assistant District Attorney**
**BEXAR County**
**101 W. Nueva St., 7th Floor**
**San Antonio, TX 78205**
**By email only to: kristin.bloodworth@bexar.org**

**Jason Jakob**
**Diaz Jakob, LLC**
**901 Ne Loop 410 Unit 900**
**San Antonio, TX 78209**
**By email only to: JJJ@diazjakob.com**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

DISTRICT COURT OF BEXAR COUNTY, TX

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***




# EXHIBIT No. 3




TETCO CENTER
1100 N E LOOP 410, SUITE 200
SAN ANTONIO, TEXAS 78209
PHONE: 210-226-4500
FAX: 210-226-4502

DISTRICT COURT OF BEXAR COUNTY, TX

**County of Bexar §**
**State of Texas §**

## SWORN STATEMENT OF PLAINTIF, ALEXANDRIA MILLAN

"My name is ALEXANDRIA MILLAN. I am the Plaintiff in this case. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are written within my personal knowledge and area true and correct;

1) "I am a U.S. Citizen, and I was born on September 8, 1989, making me thirty-one (31) years old, Hispanic American and currently employed by Bexar County as a Budget Analyst;

2) "I believe I was discriminated because of my race, origin and retaliated against me in violation of Title VII of the Civil Rights Act of 1964, as amended;

3) "I began working as a Budget Analyst in the Bexar County Budget Department on March 20, 2017. Prior to accepting this position, I was employed by IDEA Public School, a workplace with a tight-knit environment/culture and high morale. When offered the Budget Analyst position, I accepted the job immediately and I looked forward to what I thought would be an inspired team of public servants in Bexar County government;

4) "I was neither aware, nor prepared, for the hostile, violent, and aggressive workplace in which I found myself. I never thought that I would be stepping into a soul-crushing and demeaning environment that thrives on causing harm to others. I had never seen this behavior in previous workplaces. The extent to which I have been subject to bullying, harassment, and retaliation is unconscionable. Indeed, it got to the level in which I requested the assistance of the U.S. Equal Employment Opportunity Commission (EEOC). Instead of dismissing my case, the EEOC granted me the "right to sue";

5) "My EEOC charges focus on Mrs. Tina Smith-Dean, the Assistant County Manager. I have been victimized by her bullying, intimidation, harassment, defamation, and retaliation because I exposed the truth about her to the EEOC, the Honorable Justin Rodriguez, the Honorable Tommy Calvert, the Honorable Rebeca Clay-Flores, and the Kelmar Global investigators;

6) "The examples of Mrs. Smith-Dean's bullying, intimidation, harassment and retaliation are numerous:

A) First, Mrs. Smith-Dean wrote me up for not inputting the Navistar budget transfer of $423,352. The reason why I had not done so was because of some ethical considerations that I had regarding a land





DISTRICT COURT OF BEXAR COUNTY, TX

purchase with public dollars. It did not make sense to move public funds from a non-departmental, undesignated fund to the Community Infrastructure and Economic Development (CIED) Fund;

"To date, Bexar County has still not been invoiced for costs related to Navistar. The evidence would suggest that this budget transfer was a way to "slush up" the CIED Fund due to its lack of carrying forward a fund balance. Customarily, it is fully funded from the General Fund every fiscal year by an inter-fund transfer which ranges from $800,000 to $1.2 million. At the time of Commissioners Court on November 5, 2019, Navistar had yet to purchase the land. In fact, when Navistar did make a purchase, it was only a fraction of the land and cost. So, my write up appears to be based on Tina's anger towards me for filing a charge with the EEOC and bringing the truth of her actions to light rather than me being incompetent;

B) "Second, Tina "reassigned me" with her authorizing signature on my status form on May 25, 2020 to the Purchasing Department to report directly to Ms. Patricia Torres, the Bexar County Purchasing Agent. On June 9, 2020, she took her retaliation one step further. Specifically, she delimited my position in the Budget Department, per Ana Bernal, Human Resources Manager;

7) "It should be noted that June 9, 2020 was an eventful day for the Budget Department. At the same time that my position was being delimited, Ms. Sylvia Diaz, Senior Analyst-Compliance, and Ms. Pearl Jauregui, Risk Claims Specialist, were both given an 8% salary increase and moved up two pay grades. Moreover, Mrs. Nancy McClure-Soto, the former Administrative Coordinator to Mrs. Smith-Dean, was given a proposed termination, although at the same time that she had an active EEOC charge for retaliation due to or in conjunction with helping me with my own EEOC charges. Less than three weeks later on June 25, 2020, my Budget Analyst position in the Budget Department was deleted entirely suggesting that Mrs. Smith-Dean's plan was to ensure that I never returned to the Budget Department;

8) "My current position is a farce. I am assigned to track all COVID-19 expenditures for the County; however, the Auditor's Office has been tracking all COVID-19 expenditures since the start of the pandemic and even has one staff person assigned to this task full-time.

9) Mrs. Smith-Dean has a pattern of using other individuals to do her "dirty work." For example, Mrs. Smith-Dean used Ms. Tanya Gaitan, Budget Manager, as the only person to complete an affidavit attached to Bexar County's position statement provided to the EEOC for both of my charges on April 6, 2020. The specific tactic

DISTRICT COURT OF BEXAR COUNTY, TX

used was to have Mrs. Smith-Dean claim that there is no race-based and national origin-based discrimination due to Ms. Gaitan being a "Mexican/Spanish" female and I being Cuban/Mexican as stated on my birth certificate;

10) "However, as I stated in my position statement, Ms. Gaitan has no authority to make any final decisions and is not authorized to sign invoices, payroll, status forms, and/or represent the Budget Department per both of my EEOC charges. The fact that Ms. Gaitan was not present at my EEOC mediation on February 12, 2020 and did not sign my status form for my "reassignment" is proof that Mrs. Smith-Dean is the person of interest. She did both. Ms. Gaitan is a distraction;

11) "Additionally, Mrs. Smith-Dean and her direct reports allege that they "thought" of writing me up prior to my EEOC complaint. This is a convenient assertion for Mrs. Smith-Dean but requires that I – and all of us – be mind readers. My EEOC charge was never based on "thought." It was based on action;

12) "On October 28, 2019, I had already waited for over an hour to speak with the EEOC. I had made the inquiry with the EEOC on discrimination and wrote my statement by 3:08 pm that same day. In fact, I was encouraged to file the complaint by a coworker, Ms. Jasmine Leon, who was being mistreated like I was and contemplated her own EEOC charge. Not only did she provide the telephone number for the EEOC, she also read my statement and told me it was very well written. Even though she had received a written reprimand in the past for a poor work ethic, and even though she, along with Ms. Gaitan, would later be caught by an investigative journalist "shooting the finger" at our employer, Ms. Leon later received a salary increase of around $3,000 in late November/early December 2019. This is consistent with the practices I observed in the office;

13) "On October 30, 2019 at 8:03 am, I received confirmation from the EEOC that my inquiry had been received. The Budget Office did not "think" of writing me up until October 31, 2019 at 4:38 pm. This clearly shows that I took the action of filing my first charge of discrimination with the EEOC before the Budget Office "thought" of writing me up. Furthermore, the draft written reprimand is dated "November ##, 2019." It does not take two weeks to compose a written reprimand especially if the matter is not urgent. Nonetheless, on November 14, 2019, Mrs. Smith-Dean and Ms. Gaitan both came into my office to write me up. I refused to sign. When I told Tina that I was going to let the EEOC know that I had been written up. Tina smirked and with a cocky tone said, "go on ahead", in a manner indicating she was untouchable and not subject to Bexar County policies, state, and federal laws;

14) "Mrs. Smith-Dean routinely violates Bexar County policies to benefit her and her direct reports. For example, Mrs. Smith-Dean was Civil Service protected from July 5, 2012 until September 30, 2020. As an executive, she should have been excluded per Bexar County Civil Service Policy 7.6.03. Ms. Gaitan continues to be civil service protected since August 13, 2013 despite being a manager and





DISTRICT COURT OF BEXAR COUNTY, TX

classified as an E-11 on the exempt pay schedule in direct contradiction to civil service policy. By way of comparison, Ms. Veronica Guevara, the Risk Management Coordinator is an E-10 and she is excluded from civil service protection as well as the Budget Director position which is an E-14. How is it that Ms. Gaitan falls between both positions and yet she is protected while others, like me, are not? The abuse of power, the differential treatment, and the favoritism are glaring;

15) Not once were Ms. Gaitan and/or Ms. Leon placed on Investigative Administrative Leave for "shooting the finger" at the Courthouse nor was Mrs. Smith-Dean placed on leave pending the Kelmar Global investigation that was under the direction of the Human Resources Director, Mr. Manuel Gonzalez. No one was "reassigned" to another department and/or completely isolated like I was. Mrs. Smith-Dean is responsible for making recommendations to Commissioners Court to add or delete all county positions from this protection under Civil Service (HR/Civil Service report directly to Mrs. Smith-Dean). Once again, Mrs. Smith-Dean used her position and authority to protect herself and those who do her bidding, like Ms. Gaitan;

16) "Another example of Mrs. Smith-Dean flagrantly violating county policy is when she gave Ms. Gaitan a 17% salary increase. According to Bexar County Policy 7.2.06, the maximum increase is 8% or the minimum of the new pay grade. Interestingly, Mrs. Smith-Dean has been able to increase her salary by approximately $65,000 since she became the Assistant County Manager in 2012. The majority, if not all, of these salary increases for Mrs. Smith-Dean and Ms. Gaitan were done as out-of-cycle pay increases which normally attract less scrutiny. They are not reflected, for example, in the proposed annual budgets or in the annual Budget Book as a program change for the Budget and Management and Finance Department. The self-dealing almost has the feel of a money laundering operation because it is done when no one is looking. Taxpayer dollars are used as if they were Mrs. Smith-Dean's personal checking account to give herself and her loyalists pay increases. They are also used as a way of bribing and/or "shutting someone up." Ms. Leon, for example, was rewarded for towing the party line me and another EEOC complainant;

17) "As I stated before, Mrs. Smith-Dean had me "reassigned" to the Purchasing Department again to report to Ms. Patricia Torres, someone over whom Mrs. Smith-Dean had leverage. As a testament to her authority, my "reassignment" and the creation of my position took place in the middle of a hiring freeze that had been in effect since April 7, 2020;

18) "Nonetheless, my reassignment was made effective on May 22, 2020 due to me being "uniquely qualified" to serve as a Budget Analyst-COVID-19. The problem with this assessment is that it contradicts Mrs. Smith-Dean's prior assessment of me being a problematic and incompetent employee. The evidence would suggest that Mrs. Smith-Dean's true intention was to retaliate against me by having me

reassigned to a distant County Department where my job duties would be a farce; where I would be isolated, and, where I would be placed in the "pit of decay," as stated by my attorney;

19) "In the year that I have been assigned to the Purchasing Department, Ms. Torres has directly communicated with me approximately ten times. As of May 31, 2021, the last direct communication I received from Patricia was on April 26, 2021. Which was merely to ask, "Why I had checked out twice for the day." It was devoid of any professional substance. Prior to that was January 1, 2021, which was defamatory. Prior to that was December 30, 2020 and prior to that was August 10, 2020. She goes months without saying anything to me. For all practical purposes, I am "out of sight; out of mind." I am 100% remote and have only been asked to come to the Purchasing Office twice. The first time was to meet Ms. Torres and the second time was to exchange a desktop computer for a laptop;

20) "In the last ten months, Ms. Torres has not once invited me to a meeting via Zoom and/or WebEx. In fact, on April 14, 2021, I received an email from the Business Relationship Manager, Ms. Carmella Guerrero, stating that I currently have "a WebEx license that you have never activated and/or utilized... Therefore, BCIT will be disabling your WebEx license to allow for new requests from employees who need it." No other employee of the Purchasing Department or the Budget Department were included on this email. Consistent with my exclusion from day-to-day employment, I tried to log into the mandatory cyber security training but was not allowed to. I sent an email to the Head of Information Security, Mr. Michael Cheng, in regards to my login issues. He responded and told me that my account had not been created in the system;

21) "I am an intelligent, hardworking team player who has built a constructive rapport with Department heads ranging from the Fire Marshall's Office and Emergency Management to the Justice of the Peace and Constables of all four precincts. Unfortunately, Mrs. Smith-Dean has destroyed my professional career and stunted my professional growth within the County. My name has been defamed and now has negative associations with it. I have been made out to be the "problem" when, in fact, it is Mrs. Smith-Dean who is the problem;

22) "In sum, she manipulates staff members in the County and within her own staff to carry out her retaliatory actions. She knows that no one is going to tell her no because they are in fear of 1) losing their jobs; and/or, 2) being treated the way that I have been treated. Even if what Mrs. Smith-Dean asks them to do is unethical and/or bullying, they follow her directives and do her "dirty work," regardless. She hides behind them and creates one degree of separation. She has done this with Ms. Gaitan and Ms. Torres.

23) "I have come to believe that Bexar County leadership in general condones her behavior. Mrs. Smith-Dean is part of a larger leadership culture that has taught her and is teaching others (i.e. her direct reports) to behave this way. The mere fact





that she has not been terminated from her position despite the numerous EEOC charges as well as the man hours and cost of legally defending her behavior says a lot. All of this, for example, has happened under the County Manager's watch and Mr. David Smith has shown negligence and moral turpitude as Mrs. Smith-Dean's immediate supervisor;

24) "In fact, Bexar County Commissioner Justin Rodriguez, in my meeting with him on November 6, 2019, told me "That [he] could not take action unless [he] was aware that David Smith, the County Manager, knew of my charge with the EEOC and that if I were to be written up that it would be retaliation." Several days later, Ms. Francesca Caballero, the Chief of Staff to the Commissioner, told me that she and Commissioner Rodriguez had met with David Smith and that Mr. Smith had assured them that "I would not face any retaliation." That was a lie;

25) "I have been actively seeking employment outside of Bexar County, not because I authentically wanted to, but because my professional life within Bexar County has been irretrievably damaged. I am doing so even though I am more than half way eligible to being fully vested in the pension program. I am paying a financial price for Mrs. Smith-Dean's actions;

26) "There are rules of civility in the workplace that need to be upheld. I deserve – as do all people – to work in a safe environment where I am not attacked, defamed, and marginalized. This experience has and continues to take a lot out of me. Being bullied constantly is debilitating, humiliating, and demoralizing. Hostile work environments are not conducive to getting work done, which is especially problematic when the work is that of the public and the taxpayer. I should not have to be in constant fear of losing my job and wondering if today is my last day of employment. I should not have to consistently wonder if I will be able to afford the basic necessities for myself and my two year old daughter. I have suffered from the symptomatology of post-traumatic stress disorder (PTSD) and insomnia. Because of this; because of the behavior of Mrs. Smith-Dean and her associates and leadership; and, because I would like to improve the workplace for others, I am suing Bexar County.

Further Affiant sayeth not.



Case Number: 2021CI08818 Document Type: ENTIRE FILE






ALEXANDRIA MILLAN

**County of Bexar** §
**State of Texas** §

The foregoing **SWORN AFFIDAVIT OF ALEXANDRIA MILLAN** was sworn to and subscribed before me, the undersigned notary public by **ALEXANDRIA MILLAN** who is a person known to me, on this 31st day of May, 2021.

EDUARDO R. MAGALONI
Notary Public, State of Texas
Comm. Expires 08-06-2023
Notary ID 132117716

Notary Public for the
State of Texas.

FILED
6/2/2021 6:51 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo



Cause Number: 2021CI10818

District Court: 224th



# MARY ANGIE GARCIA
## Bexar County District Clerk

## Request for Process

Style: Alexandria G. Milan Vs. Bexar County

Request the following process: (Please check all that Apply)

☒ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept without a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: ________

1.
Name: Bexar County Government
Registered Agent/By Serving: Honorable Nelson Wolfe
Address 100 Dolorosa, San Antonio, Texas 78205
Service Type: (Check One) ☒ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

2.
Name: ________
Registered Agent/By Serving: ________
Address ________
Service Type: (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

3.
Name: ________
Registered Agent/By Serving: ________
Address ________
Service Type: (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *CourthouseDoor* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

4.
Name: ________
Registered Agent/By Serving: ________
Address ________
Service Type: (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Commissioner of Insurance* ☐ *SA Express News* ☐ *Hart Beat* ☐ *Courthouse Door* ☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

Title of Document/Pleading to be Attached to Process: ________

Name of Attorney/Pro se: JASON J. JAKOB, ESQ. Bar Number: 24042933
Address: 1100 NE Loop 410, Ste 200 Phone Number: (210)226-4500
San Antonio, TX 78209

Attorney for Plaintiff XXX Defendant ____ Other ____

*****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED*****

PRIVATE PROCESS

**Case Number: 2021CI10818**

**Alexandria G Millan VS Bexar County Government**

IN THE **224th District Court**
BEXAR COUNTY, TEXAS

(Note: Attached Document May Contain Additional Litigants.)

# CITATION

"THE STATE OF TEXAS"

Directed To: **BEXAR COUNTY GOVERNMENT**
**BY SERVING ITS COUNTY JUDGE, THE HONORABLE NELSON WOLFE**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said **ORIGINAL PETITION** was filed on the **on this the 1st day of June, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS **9th day of June, 2021.**

**JASON J JAKOB**
**ATTORNEY FOR PLAINTIFF**
**1100 NE Loop 410 STE 200**
**San Antonio TX 78209-1569**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: /s/ Alexandra Johnson
Alexandra Johnson, Deputy

---

**Alexandria G Millan VS Bexar County Government**

**Officer's Return**

**Case Number: 2021CI10818**

**Court: 224th District Court**

I received this CITATION on the ______ day of __________, 20_______ at ________ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with the attached ORIGINAL PETITION on the date of delivery endorsed on it to the defendant ______________________________, in person on the _______ day of ___________, 20____ at __________ o'clock ____ M. at ______________________________ or ( ) not executed because ______________________________.

Fees: ____________________ Badge/PPS #: ________________ Date certification expires: ________________________

______________________________ County, Texas

BY: ______________________________

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS ______________________________

______________________________

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is ______________________________, my date of birth is ______________________________, and my address is ______________________________ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in ______________________________ County, State of Texas, on the ___________ day of ____________________, A.D., __________.

______________________________
Declarant

FILED
6/28/2021 3:34 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Stephanie West

CAUSE NO. 2021CI10818




| | | |
|---|---|---|
| **Alexandria G Millan** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| **Bexar County Government** | § | |
| Defendant. | § | |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Jun 15, 2021, 11:20 am**, to be delivered to **BEXAR COUNTY GOVERNMENT BY SERVING ITS COUNTY JUDGE, THE HONORABLE NELSON WOLFE**, at **100 Dolorosa, San Antonio, TX 78205**

**CITATION; PLAINTIFF'S ORIGINAL PETITION; EXHIBITS,**

and was executed at **100 Dolorosa, San Antonio, TX 78205** within the county of **BEXAR** at **02:27 PM** on **Tue, Jun 15 2021**, by delivering a true copy to the within named

**BEXAR COUNTY GOVERNMENT BY SERVING ITS COUNTY JUDGE, THE HONORABLE NELSON WOLFE ACCEPTED BY JAMES RIVERA, AID TO JUDGE WOLFE AND AUTHORIZED TO ACCEPT**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have personal knowledge of the facts stated herein and they are true and correct."

Description of recipient:
Age: 20's; Ethnicity: Hispanic; Gender: Male; Weight: 195; Height: 5'9"; Hair: Black; Eyes: Brown

My name is **Carol L. Watson**, my date of birth is **4/18/1955**, and my address is **2939 Mossrock Lane Suite 280, San Antonio, TX 78230**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Bexar County**, State of **TEXAS**, on **June 15, 2021**.

[signature]

Carol L. Watson
Certification Number: **PSC 2139 EXP 6/30/2022**

PRIVATE PROCESS

Case Number: 2021CI10818

**Alexandria G Millan VS Bexar County Government**

IN THE **224th** District Court
BEXAR COUNTY, TEXAS

(Note: Attached Document May Contain Additional Litigants.)

# CITATION

"THE STATE OF TEXAS"

Directed To: **BEXAR COUNTY GOVERNMENT**
**BY SERVING ITS COUNTY JUDGE, THE HONORABLE NELSON WOLFE**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said **ORIGINAL PETITION** was filed on the **on this the 1st day of June, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS **9th day of June, 2021.**

**JASON J JAKOB**
**ATTORNEY FOR PLAINTIFF**
**1100 NE Loop 410 STE 200**
**San Antonio TX 78209-1569**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: /s/ Alexandra Johnson
Alexandra Johnson, Deputy

---

**Alexandria G Millan VS Bexar County Government**

**Officer's Return**

**Case Number: 2021CI10818**

**Court: 224th District Court**

I received this CITATION on the ______ day of _________, 20_______ at ________ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with the attached ORIGINAL PETITION on the date of delivery endorsed on it to the defendant ______________________________, in person on the _______ day of ___________, 20____ at _________ o'clock ____ M. at ____________________________ or ( ) not executed because ______________________________________.

Fees: __________________ Badge/PPS #: _______________ Date certification expires: ________________________

______________________________________ County, Texas

BY: ______________________________________________

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS ____________________________________________

______________________________________________

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is ______________________________________, my date of birth is ______________________________, and my address is ______________________________________________________ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _________________________________ County, State of Texas, on the ___________ day of ____________________, A.D., __________.

______________________________________________
Declarant

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT CLERK, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL RECORD NOW IN MY LAWFUL CUSTODY. WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

***July 08, 2021***

**MARY ANGIE GARCIA,**
**BEXAR COUNTY, TEXAS**

**By:** ______________________________

CYNTHIA J APONTE, Deputy District Clerk

***(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)***